# **EXHIBIT G**



**CARMINE J. CASTELLANO**
ccastellano@hodgsonruss.com

July 12, 2016

**VIA ECF**

Honorable James B. Clark, III
United States Magistrate Judge
District of New Jersey
2 Federal Square, Room 369
Newark, New Jersey 07101

Re: *CDK Global, LLC v. Tulley Automotive Group, Inc.*, Civ. No. 15-3103 (KM) (JBC)

Dear Magistrate Judge Clark:

    We hereby submit this letter to inform the Court of a discovery dispute: Tulley served a third-party subpoena and CDK has objected to the subpoena.

    ***Performance Chevrolet, Inc.*** On November 21, 2014, Performance Chevrolet, Inc. ("Performance Chevrolet"), a car dealership in California, sued CDK. Attached hereto as Exhibit A is a true and correct copy of Performance Chevrolet's amended complaint, in which it alleges, among other things, that CDK failed "to deliver products that performed their intended functions and were in good working order, or that conformed to their functional and technical specification." Ex. A ¶ 18. Performance Chevrolet "spent eight months or more working with [CDK] to try to convince [CDK] to fix the problems and provide a functioning computer system; [CDK] tried but was incapable of delivering." *Id.* ¶ 19. In its pleading, Performance Chevrolet details its CDK experience, which is virtually identical to Tulley's CDK experience. *Compare* Ex. A ¶¶ 8-15 *with* Dkt. No. 22 (Tulley's counterclaims) ¶¶ 7-62. In that action—like in this action—CDK was originally represented by the law firm of Genova Burns LLC and then substituted Genova Burns for the law firm of Barnes & Thornburg LLP (the same attorneys who represent CDK in this action). The Performance Chevrolet case settled in or about April 2016.

    Recently, we served a subpoena for documents on Performance Chevrolet through its attorney who is copied on this letter, asking for all documents and communications supporting Performance Chevrolet's claims and allegations in its CDK lawsuit. Attached hereto as Exhibit B is a true and correct copy of the subpoena.[1]

---

[1] We served two other subpoenas, seeking the same types of documents, on (a) Max Ford, LLC, a dealership located in Missouri; and (b) Nissan 112 Sales Corp. and affiliated companies (collectively, "Nissan 112"), a group of dealerships in New York. Max Ford sued CDK and its salesman for, among other things, fraud and fraud in the inducement. *See Max Ford, LLC v. CDK Global, LLC*, Case No. 16-cv-65 (W.D. Mo.); *Max Ford, LLC v. CDK Global, LLC*, Case No. 16-cv-03577 (N.D. Ill.). Barnes & Thornburg represented CDK in the Max Ford litigation as well. We have withdrawn the subpoena issued to Max Ford and reserved our right to re-serve the subpoena at a later date. Nissan 112 was also in litigation with CDK, but we are not seeking to compel documents from Nissan 112 at this time.

*1540 Broadway, 24th Floor* ⬧ *New York, New York 10036-4039* ⬧ *telephone .212.751.4300* ⬧ *facsimile 212.751.0928*

*Albany* ⬧ *Buffalo* ⬧ *New York* ⬧ *Palm Beach* ⬧ *Saratoga Springs* ⬧ *Toronto* ⬧ *www.hodgsonruss.com*

Hon. James B. Clark, III
July 12, 2016
Page **2** of **3**



CDK has objected to the Performance Chevrolet subpoena on the following grounds:[2]

1. "relevance, materiality, propriety, and admissibility";

2. the subpoena imposes obligations greater than the requirements of the Federal Rules of Civil Procedure or the Local Rules;

3. the subpoena is overbroad and not relevant as it is not restricted to the limited subject matter in the Court's May 19, 2016 Letter Order;

4. the subpoena is overbroad and not relevant as it is not limited to a certain time period;

5. the subpoena seeks discovery of documents designated as "confidential" or "attorney's eyes only";

6. the subpoena seeks documents that are subject to confidentiality provisions in settlement agreements;

7. the subpoena is overly broad and unduly burdensome to the extent it seeks information obtainable from a source that is more convenient, less burdensome, or less expensive; and

8. the subpoena is overly broad and unduly burdensome to the extent it seeks information that is publicly available, including, the public dockets in the relevant cases.

Attached hereto as <u>Exhibit C</u> is a true and correct copy of CDK's objections. There is no legitimate basis for CDK's attempt to block the production of these documents.

    ***Objection No. 1.*** The Court should disregard this objection because—as stated in Federal Rule of Civil Procedure 26(b)(1)—information "need not be admissible in evidence to be discoverable." To the extent this objection raises relevancy, we address the issue in our response to Objection Nos. 3 & 4 below.

    ***Objection No. 2.*** This objection is vague and does not specify how the subpoena imposes obligations on CDK greater than the requirements of the Federal Rules or the Local Rules. Performance Chevrolet, moreover, has not served any objections to the subpoena.

    ***Objection No. 3.*** In this objection, CDK complained that the subpoena is "not restricted to the limited subject matter permitted by the Court in its May 19, 2016 Order (Dkt. 108) limiting discovery of 'Customer Complaints' and legal complaints outside this litigation to 'issues similar to those alleged by Defendant [in] this case as related to the ADP Drive System or

---

[2] The parties have attempted to resolve this dispute via telephone and email.

Hon. James B. Clark, III
July 12, 2016
Page **3** of **3**



similar products.'" Your Honor, along with the parties, set these parameters in an effort to resolve Tulley's motion to compel CDK's production of prior customer complaints. This "limitation" is inapplicable to the third-party subpoena served on Performance Chevrolet. Additionally, documents concerning the issues in the other litigation—*e.g.*, CDK's sale of the same dealer management system ("DMS") that did not perform and could not be made to perform—easily meet the basic relevance threshold for discoverability under the Federal Rules. The facts and allegations in this case are virtually identical.

  ***Objection No. 4.*** In this objection, CDK complained that the subpoena is "not limited to the time period prior to the August 9, 2013 date that Tulley signed the MSA." CDK misses the point. The information requested in the Performance Chevrolet subpoena is relevant to Tulley's allegations that CDK misrepresents its DMS product, knowingly sells cheaper configurations that are unable to meet customers' needs, and then "tries" to fix the resulting problems—after customers are already locked into long-term DMS contracts for systems that control their entire business. The documents requested from Performance Chevrolet will support Tulley's claim that CDK's misconduct is systematic and a part of its business model.

  ***Objection Nos. 5 & 6.*** The information requested is not privileged and thus it cannot be withheld altogether. Even if the information is confidential, that is not grounds to withhold the documents altogether. CDK is free to designate any documents containing such information as "confidential" or "attorney's eyes only" in accordance with the confidentiality order in this case—but CDK does not have the ability to completely block the production of this information.

  ***Objection Nos. 7 & 8.*** As Your Honor has already held with respect to Tulley's subpoenas issued to the automobile manufacturers, CDK has no standing to object to third-party subpoenas on the grounds that they are unduly burdensome because CDK is not being asked to do anything. And, again, Performance Chevrolet has not served any objections to the subpoena.

  Accordingly, the Court should disregard CDK's objections and direct Performance Chevrolet to respond to Tulley's subpoena.


Respectfully submitted,

/s/ Carmine J. Castellano

Carmine J. Castellano


cc:  Regina S.E. Murphy, Esq. (by ECF)
   Jeffrey H. Ochrach, Esq. (by email)

079935.00000 Litigation 14119010v1