**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CDK GLOBAL, LLC, as successor-in-interest to ADP DEALER SERVICES, INC.,

    Plaintiff,

 -against-

TULLEY AUTOMOTIVE GROUP, INC. and JOHN DOE CORPORATIONS 1-5,

    Defendants.

Action pending in the United States District Court for the District of New Jersey (15-cv-03103)

TULLEY AUTOMOTIVE GROUP, INC.,

    Movant,

 -against-

PERFORMANCE CHEVROLET, INC.,

    Respondent.

17-mc-_____

**TULLEY AUTOMOTIVE GROUP, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL RESPONDENT TO PRODUCE DOCUMENTS AND INFORMATION IN RESPONSE TO A SUBPOENA, OR TO TRANSFER THE MOTION UNDER RULE 45(F)**

Carmine J. Castellano
HODGSON RUSS LLP
1540 Broadway, 24th Floor
New York, New York 10036
(212) 751-4300
ccastellano@hodgsonruss.com

*Counsel for Tulley Automotive Group, Inc.*

January 31, 2017

## <u>TABLE OF CONTENTS</u>

**Page**

STATEMENT OF FACTS .................................................................................................2

     A.    The New Jersey Action ...............................................................2

     B.    Respondent's Action Against CDK .............................................3

     C.    The Subpoena.............................................................................4

     D.    The California Proceeding ..........................................................5

ARGUMENT .................................................................................................................6

I.    EXCEPTIONAL CIRCUMSTANCES WARRANT TRANSFERRING THIS
MOTION...........................................................................................................6

II.    THE DISCOVERY SOUGHT IS DIRECTLY RELEVANT TO THE NEW
JERSEY ACTION. ............................................................................................8

III.    CDK'S OBJECTIONS TO THE SUBPOENA SHOULD BE DISREGARDED..............9

CONCLUSION...............................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Rules**

Fed. R. Civ. P. 37 ...............................................................................................................1

Fed. R. Civ. P. 45 ......................................................................................................1, 6, 10

Tulley Automotive Group, Inc. ("Tulley" or "Movant") respectfully submits this Memorandum of Law in support of its motion, pursuant to Federal Rules of Civil Procedure 37 and 45, for an order compelling Performance Chevrolet, Inc. ("Respondent") to produce documents and information responsive to the document request set forth in the subpoena *duces tecum* issued to it (the "Subpoena") in connection with litigation pending in the United States District Court for the District of New Jersey (15-cv-03103) (the "New Jersey Action").

In the alternative, Tulley respectfully requests that this motion to compel be transferred, pursuant to Federal Rule of Civil Procedure 45(f), to the United States District Court for the District of New Jersey, where the New Jersey Action is pending, for adjudication on its merits.  As explained more fully below, although Tulley was required to file this motion in the court where the Subpoena called for compliance, given the exceptional circumstances present here it is also appropriate for this Court to immediately transfer this motion to United States Magistrate Judge James B. Clark, III in the United States District Court for the District of New Jersey (the issuing court) for adjudication.[1]

In any event, the motion to compel should be granted as the documents sought by Tulley from Respondent pursuant to the Subpoena are relevant to numerous issues in the New Jersey Action.  In particular, information regarding Respondent's problems, complaints, and issues concerning a computer product known as the ADP/CDK Drive Dealer Management System (the "Drive System") is relevant to Tulley's allegations in the New Jersey Action; namely, that CDK Global, LLC, as successor-in-interest to ADP Dealer Services, Inc. ("CDK" or "ADP") misrepresents the Drive System, knowingly sells cheaper configurations of the Drive

---

[1] Although the Subpoena was issued by the District Court of New Jersey, it calls for compliance in New York at the undersigned's office.

1

System that are unable to meet its customers' needs, and then unsuccessfully "tries" to fix the resulting problems – after its customers are already locked into long-term contracts for computer systems that control and manage their entire business.  In fact, Magistrate Judge Clark has already ruled in the New Jersey Action that "the issues experienced and complaints lodged by other CDK customers regarding the Drive System are unquestionably relevant to Tulley's claims that CDK was aware of the problems with the Drive System through previous[ ] customer complaints and misrepresented the functionality of the Drive System to Tulley."  Respondent has signed a stipulation stating that it has no objections to the Subpoena.  But – while Respondent is willing to produce responsive documents and information – it will not do so without a court order in light of objections served by CDK.

## STATEMENT OF FACTS

A.    <u>The New Jersey Action</u>

On May 1, 2015, CDK filed the New Jersey Action against Tulley, alleging that Tulley breached a Master Services Agreement ("MSA") by terminating the MSA prior to the expiration of its term and by failing to make accelerated payments for the Drive System.

On or about August 10, 2015, Tulley filed its First Amended Answer and Counterclaims against CDK.  (*See* Castellano Decl., Ex. A.)[2]  In that pleading, Tulley asserted claims for fraud, rescission, breach of contract, violation of the New Jersey Consumer Fraud Act (the "NJCFA"), and unjust enrichment.  Tulley also asserted defenses based on CDK's unclean hands, bad faith, assumption of risks, and contributory fault.  Tulley's defenses and counterclaims are based on allegations that CDK misrepresented the Drive System and concealed

---

[2] Exhibits cited herein are submitted as attachments to the accompanying Declaration of Carmine J. Castellano, dated January 31, 2017 ("Castellano Decl.").

known problems with the Drive System.  Specifically, Tulley has alleged that CDK "ignores the known problems with its DMS product, and conceals the fact that ADP's customers across the country have lodged the same complaints after they purchased the same DMS product that was sold to Tulley."  (Castellano Decl., Ex. A ¶ 77.)

On March 3, 2016, Magistrate Judge Clark denied CDK's motion to quash other non-party subpoenas, holding that "the issues experienced and complaints lodged by other CDK customers regarding the Drive System are unquestionably relevant to Tulley's claims that CDK was aware of the problems with the Drive System through previous[ ] customer complaints and misrepresented the functionality of the Drive System to Tulley."  (Castellano Decl., Ex. B at 6-7.)

On April 29, 2016, the court in the New Jersey Action denied CDK's motion to dismiss Tulley's counterclaims – except for the rescission claim.  (*See* Castellano Decl., Ex. C.) In that decision, the court also affirmed Magistrate Judge Clark's denial of CDK's motion to quash.  (*Id.* at 16-17 ("The subpoenas were directed at determining whether CDK has a practice or pattern of misrepresenting the Drive System product to its other customers, and whether there had been other complaints about the system's functionality…the experiences of other customers is relevant.")

B.    Respondent's Action Against CDK

On or about November 21, 2014, Respondent – an auto dealership like Tulley – sued CDK in a separate action in the United States District Court for the Eastern District of California (14-cv-02738), which was later transferred to the United States District Court for the District of New Jersey (15-cv-04231).

In Respondent's First Amended Complaint against CDK, Respondent alleged that, among other things, CDK failed "to deliver products that performed their intended functions and were in good working order, or that conformed to their functional and technical specification." (Castellano Decl., Ex. D ¶ 18.)  Respondent "spent eight months or more working with [CDK] to try to convince [CDK] to fix the problems and provide a functioning computer system; [CDK] tried but was incapable of delivering." (*Id.* ¶ 19.)  In its pleading, Respondent details its CDK experience, which is virtually identical to Tulley's CDK experience. (*Compare* Castellano Decl., Ex. A ¶¶ 7-62 *with* Ex. D ¶¶ 8-15.)

On or about June 6, 2016, CDK and Respondent settled their respective claims.

C.    The Subpoena

On or about June 2, 2016, in order to prove its allegations, Tulley served the Subpoena on Respondent.  (*See* Castellano Decl., Ex. E.)  The Subpoena was served with a copy of the Discovery Confidentiality Order in the New Jersey Action.  The Subpoena seeks the production of "[a]ll documents and communications supporting [Respondent's] claims and allegations in the action entitled Performance Chevrolet, Inc. v. ADP Dealer Services, Inc., Civ. No. 15-4231." (*Id.*)  The Subpoena does not seek the production of Respondent's settlement agreement with CDK and/or any documents or communications underlying that settlement agreement.  On June 21, 2016, CDK served written objections to the Subpoena.  (*See* Castellano Decl., Ex. F.)  Respondent did not serve any objections to the Subpoena.

On or about July 12, 2016 – after CDK and Tulley unsuccessfully met and conferred by telephone and email – Tulley filed a letter motion in the New Jersey Action seeking to compel Respondent's performance with the Subpoena.  (*See* Castellano Decl., Ex. G (certifying that Tulley met and conferred with CDK in good faith).)  Respondent did not serve any opposition to Tulley's letter motion.

4

On July 18, 2016, CDK filed a five-page letter in opposition to Tulley's letter motion in the New Jersey Action.  (ECF No. 120 in the New Jersey Action.)  On July 25, 2016, the court in the New Jersey Action ordered the parties to "engage in a meaningful meet and confer with respect to any outstanding discovery disputes" and "[i]f the parties are unable to resolve all outstanding disputes, they are to file a joint letter of no more than seven (7) pages outlining any outstanding issues."  (ECF No. 123 in the New Jersey Action.)  Accordingly, Tulley and CDK met and conferred again (unsuccessfully).

On September 20, 2016, Tulley and CDK filed a seven-page joint letter discussing outstanding discovery issues, including the Subpoena.  (ECF No. 142 in the New Jersey Action.)  On October 24, 2016, the court in the New Jersey Action issued a Letter Order directing Tulley "to seek enforcement of its subpoena request in the appropriate District Court with jurisdiction over Performance Chevy."  (ECF No. 146 in the New Jersey Action, ¶ 1(d).)

After the court issued the October 24, 2016 Letter Order, Tulley and Respondent entered into stipulation stating that Respondent has no objections to the Subpoena.  (Castellano Decl., Ex. H.)  However, while Respondent is willing to produce documents and information, it will not do so without a court order in light of CDK's objections.  Fact discovery in the New Jersey Action is set to close on March 31, 2017.  (ECF No. 146 in the New Jersey Action.)

D.    The California Proceeding

Because Respondent is located in Sacramento, California, Tulley filed a motion to compel Respondent's compliance with the Subpoena in the United States District Court for the Eastern District of California (16-mc-0191).  On January 10, 2017, United States Magistrate Judge Carolyn K. Delaney denied Tulley's motion compel without prejudice because "production was called for in New York" and "[a]s such the instant motion to compel should have been brought in the federal court venued in New York."  (Castellano Decl., Ex. I.)

## ARGUMENT

### I.   EXCEPTIONAL CIRCUMSTANCES WARRANT TRANSFERRING THIS MOTION.

Federal Rule of Civil Procedure 45(f) states that subpoena-related motions may be transferred to the issuing court by the court where compliance is required "if the person subject to the subpoena consents or if the court finds exceptional circumstances."  Fed. R. Civ. P. 45(f). Exceptional circumstances exist where, for example, "the [issuing] court has already ruled on issues presented by the motion or the same issues are likely to rise in discovery in many districts."  Fed. R. Civ. 45 (adv. comm. note).  Such exceptional circumstances exist here.

*First*, Magistrate Judge Clark has already denied CDK's prior motion to quash certain non-party subpoenas, holding that "the issues experienced and complaints lodged by other CDK customers regarding the Drive System are unquestionably relevant to Tulley's claims that CDK was aware of the problems with the Drive System through previous[ ] customer complaints and misrepresented the functionality of the Drive System to Tulley."  (Castellano Decl., Ex. B at 6-7; *see also* Castellano Decl., Ex. C at 14-18 (affirming Magistrate Judge Clark's decision denying CDK's motion to quash).)  Thus, the issuing court has already ruled on issues presented by this motion to compel, thereby warranting transfer.[3]

*Second*, the same issues are likely to come up in many districts across the country, as Tulley and Respondent are not the only customers to assert the same allegations against CDK.

---

[3] *See also ADP Dealer Services, Inc. v. Southern California Fleet Services, Inc.*, Civil Action No. 13-CV-00334 (D.N.J.) ("*SoCal*"), ECF Nos. 69 & 72 (granting defendant's motion to compel CDK to produce prior customer complaints concerning the Drive System); *ADP Dealer Services, Inc. v. Wright Automotive, Inc.*, Docket No. MRS-L-1622-12 (Superior Court of New Jersey, Morris County) ("*Wright*"), April 30, 2013 Decisions (granting defendant's motion to compel CDK to produce prior customer complaints concerning the Drive System and holding that "this evidence is highly probative").

(*See, e.g.*, *ADP Dealer Services, Inc. v. Bill Gaddis Chrysler Plymouth, Inc.*, Civil Action No. 11-CV-0475 (S.D. Ind.), ECF No. 17 ¶ 5 ("[defendant] has been damaged by the material misrepresentations of [CDK] in that customer work orders were not capable of being timely prepared, processed or invoiced; new and used car sales deals were not capable of being posted; inventories and orders would not process and payroll would not run.  These failures not only resulted in lost production and increased man hours, but also inconvenienced customers."); *ADP Commercial Leasing LLC, et al. v. Medford Lincoln-Mercury, Inc., et al.*, Civil Action No. 10-CV-63 (M.D. Ala.), ECF No. 18 ¶ 10 ("After Defendant learned that [CDK] was unable to make the system function as designed and represented, Defendant gave a written notice to [CDK] of the cancellation of the contract."); *ADP Commercial Leasing, LLC, et al. v. M.G. Santos, Inc., et al.*, Civil Action No. 13-CV-00587 (E.D. Cal.), ECF No. 29 ¶ 11 ("the ADP Drive DMS System was not designed for, engineered for, intended for, appropriate for, or compatible or congruent with the unique and specific system, business and technical needs and requirements of an RV dealership, such as M.G. Santos' Toscano RV, or for two affiliated businesses such as Westside and M.G. Santos, where one was an auto and truck dealership and one was an RV dealership."); *SJ Automotive Holdings, Inc., et ano. v. ADP Dealer Services, Inc.*, Civil Action No. 13-CV-00210 (E.D. Ky.), ECF No. 17 ¶ 17 ("Despite putting [CDK] on notice of these material breaches of the Agreements, [CDK] failed to adequately respond to these issues resulting in multiple disruptions to the Plaintiff's day-to-day operations directly impacting Plaintiff's ability to transact business…").)

As there have been numerous cases litigated across the country where customers have asserted the same allegations against CDK as Tulley asserts in the New Jersey Action, the same issues are likely to arise when or if Tulley seeks documents from any of those customers.

## II.     THE DISCOVERY SOUGHT IS DIRECTLY RELEVANT TO THE NEW JERSEY ACTION.

There can be no genuine dispute that customer complaints, experiences, and problems meet the basic relevance threshold for discoverability under the Federal Rules.  Such information is "unquestionably relevant" to Tulley's defenses and counterclaims, as Magistrate Judge Clark correctly held on March 3, 2016.  (*See* Castellano Decl., Exs. B & C.)

Moreover, there is strong precedent for Magistrate Judge Clark's decision, as this issue has been previously litigated in New Jersey state and federal courts.  For example, in *Wright*, the defendant moved to compel the production of customer complaints concerning the Drive System.  CDK refused to produce the requested documents and cross-moved for a protective order.  On April 30, 2013, the state court in *Wright* granted the defendant's motion to compel CDK production of prior customer complaints, holding that the information was relevant to the dispute.  (*See* Castellano Decl., Ex. J at 2 ("[T]his evidence is highly probative").)  That same day, the *Wright* court also denied CDK's cross-motion for a protective order.  (*See* Castellano Decl., Ex. K at 2 ("This evidence is highly probative").)

In *SoCal*, on October 28, 2014, the defendant, by the undersigned counsel, asked the Honorable Steven C. Mannion in the United States District Court for the District of New Jersey to compel the production of customer complaints concerning the Drive System.  (*See* ECF No. 69 in *SoCal*.)  CDK opposed the request.  On February 19, 2015, Magistrate Judge Mannion granted the defendant's application and ordered CDK to "begin a rolling production of documents relating to 'complaints similar to those [regarding training, installation, performance, promotion, and negotiation] that form the basis for SoCal's defenses and counterclaims' for 'the same products [i.e., the ADP *Drive* System] that were sold to SoCal' that are at-issue in this litigation."  (ECF No. 76 in *SoCal* at 2.)

8

The documents sought in the Subpoena are highly relevant to Tulley's defenses and counterclaims against CDK because those documents likely reflect or contain similar if not the same facts, circumstances, and agreements present in the New Jersey Action. Documents concerning the issues in Respondent's litigation against CDK – *e.g.*, CDK's sale of the same computer system that did not perform and could not be made to perform – easily meet the basic relevance threshold for discoverability under the Federal Rules. The facts and allegations in Tulley's case are virtually identical.

## III.   CDK'S OBJECTIONS TO THE SUBPOENA SHOULD BE DISREGARDED.

CDK parades out a laundry list of boilerplate objections, which provide no basis for its efforts to derail Respondent's compliance with the Subpoena. CDK's primary objection is that the Discovery Confidentiality Order in Respondent's action against CDK prohibits the disclosure of confidential information to Tulley in the New Jersey Action. CDK further alleges that only the issuing court – the United States District Court for the District of New Jersey – has the power to modify or lift its confidentiality orders. CDK should thus have no objection to transferring this motion to the issuing court.

In any event, the information requested in the Subpoena is not privileged. And, even if the requested information is confidential, that is not grounds to completely block the production of Respondent's documents. Both Respondent and CDK are free to designate any documents as "confidential" or "attorney's eyes only" in accordance with the Discovery Confidentiality Order in the New Jersey Action – but CDK does not have the ability to completely block the production of this information.[4]

---

[4] In the March 3, 2016 decision denying CDK's earlier motion to quash (which was later affirmed on April 29, 2016), Magistrate Judge Clark rejected all of CDK's objections, including undue burden, relevance, confidentiality, and privilege. (*See* Castellano Decl., Exs. B & C.)

**CONCLUSION**

For the reasons set forth above, Tulley respectfully requests that the Court enter an order (a) compelling Respondent to produce the documents and information responsive to the Subpoena, or, in the alternative, (b) transferring this motion under Federal Rule of Civil Procedure 45(f) to the United States District Court for the District of New Jersey where the New Jersey Action is pending, and (c) granting such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        January 31, 2017

Respectfully submitted,

HODGSON RUSS LLP


By: /s/ Carmine J. Castellano
        Carmine J. Castellano
        1540 Broadway, 24th Floor
        New York, New York 10036
        (212) 751-4300
        ccastellano@hodgsonruss.com

*Counsel for Tulley Automotive Group, Inc.*